IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTERN WORLD INSURANCE CO. : | Civil Action No. 14-6617 |
| v. : | |
| ALARCON AND MARRONE : | |
| DEMOLITION CO., et al. : | |

## MEMORANDUM OPINION

Rufe, J.                                                                                                                                                            June 9, 2015

        This is an insurance declaratory judgment action brought by the Western World Insurance Co. regarding its duty to defend and indemnify Alarcon & Marrone Demolition, Alarcon and Marrone, Inc. or Alvaro Munoz ("Alarcon defendants") under a Commercial General Liability policy issued to Alarcon & Marrone Demolition, with regard to an underlying civil action filed against the Alarcon defendants by an individual, Daily Anderson in the Philadelphia Court of Common Pleas.[1]

        The Common Pleas action arises from a September 25, 2012 incident, in which Mr. Anderson was injured at a construction renovation project the Alarcon defendants were contracted to perform at 1210-12 Chestnut Street in Philadelphia. Mr. Anderson alleged that he was hired by the Alarcon defendants to perform demolition services at 1210-12 Chestnut Street, and was engaged in cutting pipe while standing on a ladder when he was injured. He alleged that the Alarcon defendants were negligent or reckless with regard to the adoption, promulgation, and enforcement of proper safety standards.

        Upon receipt of notice of the Common Pleas suit, Western World assigned counsel to

---

[1] The underlying case is captioned *Daily Anderson v. Four Forty North Front, LLC, Philadelphia Residential Development Co., HP Properties, LTD, Alarcon and Marrone Demolition Co., Alarcon and Marrone, Inc., and Alvaro Munoz,* Philadelphia County Court of Common Pleas Case No. 140703456.

defend the Alarcon defendants.  The defense of the Alarcon defendants is being provided pursuant to a written reservation of Western World's rights under the Policy.

Western World filed this suit for the purpose of obtaining a declaratory judgment that, under the terms of the Policy, it has no duty to defend or indemnify the Alarcon defendants. Specifically, it argues that one or more specific policy exclusions apply (e.g. for temporary workers, contractors, or subcontractors, or for injury covered by worker's compensation) to bar coverage.  It also seeks reimbursement for the defense costs and expenses already incurred by Western World in the Common Pleas suit.

Nominal defendants to this suit, Philadelphia Residential Development Company and Four Forty North Front, LLC, which are also co-defendants in the Common Pleas suit, have moved the Court to decline to exercise jurisdiction and dismiss this declaratory judgment action, or, in the alternative, to stay the declaratory judgment action pending resolution of the underlying state court tort action. Mr. Anderson, the plaintiff in the Common Pleas suit and a nominal co-defendant in this case, joins in the motion. The Alarcon defendants have not joined in the motion; in fact, they have not responded to this suit and Western World's request for entry of default against them has been granted.[2]

The Court must assess whether it is appropriate for it to exercise its discretion to assume jurisdiction over this case pursuant to the Declaratory Judgment Act,[3] and, if so, whether it should stay this case pending resolution of the underlying tort action.

1. **Exercise of Jurisdiction**

The Declaratory Judgment Act provides that a federal court "may" declare the obligations of an insurance company to an insured. Unlike many other jurisdiction-conferring statutes, the

---

[2] The Clerk of Court entered default against Alarcon & Marrone Demolition Co., Alarcon & Marrone, Inc., and Alvara Munoz on May 27, 2015, while this motion was pending.
[3] 28 U.S.C. § 2201-2202.

2

Declaratory Judgment Act gives the federal courts the discretion to decline to exercise their jurisdiction.[4] Essentially, the Court must examine the scope of the underlying proceeding, and determine whether all parties in interest have been joined and whether the claims of all parties in interest can be satisfactorily adjudicated in that proceeding.[5]

The Third Circuit provided guidance as to when it is appropriate to exercise jurisdiction under the Declaratory Judgment Act in two recent cases.[6] In *Reifer*, the Third Circuit held that the "absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise" and conversely "[t]he existence of pending parallel state proceedings militates significantly in favor of declining jurisdiction, although it alone does not require doing so."[7] "In other words, the absence of pending parallel state proceedings creates a rebuttable presumption in favor of jurisdiction unless good reasons exist for overriding this presumption."[8]

First, then, the Court must determine whether an underlying state court action constitutes a parallel state court proceeding, so that it may determine whether to apply a rebuttable presumption in favor of or against the exercise of federal jurisdiction.[9] Here, there is no declaratory judgment action in the Common Pleas suit,[10] nor was this declaratory judgment

---

[4] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).
[5] *State Nat. Ins. Co., Inc. v. Landis*, Civil Action No. 14-607, 2015 WL 291722 (E.D. Pa. Jan. 15, 2015).
[6] *Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014); *State Farm Ins. Co. v. Summy*, 234 F.3d 131 (3d Cir. 2000).
[7] *Reifer*, 751 F.3d at 144.
[8] *Landis,* 2015 WL 291722, at *5.
[9] *Reifer*, 751 F.3d at 144.
[10] *Cf. Summy*, 234 F. 3d 131, in which the Third Circuit reversed the district court's decision to retain jurisdiction over a declaratory judgment action. In *Summy,* the insured had filed its own declaratory judgment action in state court, so there were two pending proceedings regarding the obligation of the insurance company, one in state court, *and* the issue of state law to be decided was unsettled. Under those circumstances, the Third Circuit found that the district court should not have retained jurisdiction over the duplicative declaratory judgment action in federal court. In the present case, in contrast, the insurer seeking a declaratory judgment, Western World, is not a party to the state court tort litigation, and its contractual obligations will not be adjudicated in that proceeding. The Alarcon defendants have not filed a declaratory judgment action in state court, nor has any other party. Accordingly, in this case, there is no duplicative declaratory judgment litigation in state court. In addition, unlike in *Summy*, the insured

action case removed from state court, as in *Reifer*. Western World elected to file this declaratory judgment action in federal court, and its insured has not expressed a preference for litigating this issue in state court.[11]

Moving Defendants argue that the factual basis for this suit and the underlying tort suit are intertwined, which favors dismissal. Although questions regarding who employed Mr. Anderson may be relevant to determining tort liability for his injuries, they will not necessarily be dispositive of whether any insurance policy exclusions apply, as the exclusions set forth in the relevant policy cover certain non-employees (including contractors, subcontractors, and temporary workers) as well as employees.[12] Under the circumstances of this case, the Court does not find that the pending Common Pleas suit is a "parallel" proceeding in which the insurance coverage issues posed here (including the duty to defend and the duty to indemnify the insured) would, "as a matter of logic necessarily arise."[13] Accordingly, the Court holds that there are no parallel state court proceedings, and therefore applies a rebuttable presumption in favor of exercising jurisdiction.

The Court must then consider whether good reasons exist to override the presumption in favor of exercising Declaratory Judgment Act jurisdiction. The Third Circuit instructs the Court to consider the following factors:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of other remedies;
> (5) a general policy of restraint when the same issues are pending in a state court;

---

party has not expressed any opposition to the litigation of the declaratory judgment action in federal court, nor taken any steps to move the litigation to state court.
[11] Although the moving co-defendants do prefer a state court forum, they are not parties to the insurance contract at issue.
[12] Similarly, were this Court to rule first, the Court's ruling on the applicability of various exclusions would not necessarily have a preclusive effect in the underlying litigation.
[13] *Landis*, 2015 WL 291722, at *8.

> (6) avoidance of duplicative litigation;
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata;* and
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.[14]

Upon consideration of these factors, the Court finds that a declaration in this case will resolve the uncertainty of Western World's obligation, this forum is not inconvenient for the parties, and these issues will not be resolved through the Common Pleas suit (to which Western World is not a party). Although the Court recognizes that the potential for a conflict of interest arises when an insurer is litigating its duty to defend and indemnify an insured while simultaneously providing a defense, in this case, the Court does not believe that facts adduced in the coverage case (i.e. whether any of the contractual exclusions for workers apply) will prejudice the Alarcon parties in the state court tort action, where the factual and legal issues will likely be framed differently. Moreover, this conflict would not be diminished if the declaratory judgment action was litigated in state court rather than federal court. Accordingly, the Court holds that it is appropriate to exercise jurisdiction over this controversy.

## 2. Request for a Stay

Although the parties to the two suits expect to use overlapping discovery, and the Court's scheduling order reflects this expectation, as discussed above, it is unclear the extent to which resolution of factual disputes regarding Anderson's employment status with respect to the multiple Alarcon defendants will be material to the coverage issues before this Court. Accordingly, at this time, the Court holds that a stay of this case until the conclusion of the underlying tort case is not warranted. However, this ruling is without prejudice to the right of any party to file a renewed motion to stay in the interest of judicial economy, or for other good cause,

---

[14] *Reifer*, 751 F.3d at 146.

at the conclusion of discovery.

       An appropriate Order follows.